Filed: 3/9/2022 3:54 PM
Lynne Finley
District Clerk
Collin County, Texas
By Suzanne Rogers Deputy
Envelope ID: 62461552

471-01165-2022

Cause No. _____

| | | |
|---|---|---|
| LEGACY BROKERAGE, LLC | § | IN THE DISTRICT COURT |
| | § | |
| Vs | § | COLLIN COUNTY, TEXAS |
| | § | |
| NEWREZ MORTGAGE, LLC | § | \_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now LEGACY BROKERAGE, LLC, and suing for causes of action alleges:

I

### RULE 47 STATEMENT

This suit does not seek damages but concerns title to real estate.

II

### DISCOVERY LEVEL

Plaintiff intends to conduct discovery under Level 2, Tex.R.Civ.Pro.

III

### PARTIES

Plaintiff is LEGACY BROKERAGE, LLC, a limited liability company domiciled in Dallas County, Texas.

Defendant is NEWREZ MORTGAGE, LLC. Defendant may be served with process by serving its registered agent for service of process:

Corporation Service Company, d/b/a/ CSC-Lawyers Incorporating Service Company
211 E. 7th St. Suite 620
Austin, Tx. 78701

## IV

## VENUE

Venue is mandatory in this County because this suit concerns real estate located in this County.

## V

## CONDITIONS PRECEDENT

Plaintiff pleads, pursuant to Rule 54, Tex.R.Civ.Pro., that all conditions precedent to its right to recovery have occurred.

## VI

## RULE 193.7 ADVISORY

Defendant is advised that all documents produced in discovery shall be considered self-authenticated.

## VII

## FACTS

1. This suit concerns that certain house and lot located at 7812 Whippoorwill Drive, McKinney, Texas, and more particularly described as Lot 13, Bock B of Eagle Creek, an Addition to the City of McKinney, according to the Plat thereof recorded in Volume I, Page 473, Map records of Collin County, Texas.

2. Plaintiff acquired the property at a lien foreclosure sale on September 7, 2021.

3. Plaintiff recorded its deed as Instrument No. 20210914001875980

4. Plaintiff's predecessor in interest is Mark Romerhaus., who purchased the property on or about October 24, 2000, recording his deed as Instrument No. 20001027001184380.

5. On that date said predecessor executed a deed of trust, recorded as instrument No. 20000118439 in favor of Sperling and Associates, Inc.

6. An assignment then appears in the public record to Chase Manhattan Mortgage Corporation. Said assignment does not specifically reference the deed of trust. It is recorded as Instrument No. 20000118440.

7. Said deed of trust was later released, and upon its release there was recorded another deed of trust as Instrument No. 2001-0143964, in favor of Mortgage Factory, Inc.

8. The deed of trust was then assigned to MIT Lending via instrument No., 2002-0020264.

9. Defendant claims ownership of the deed of trust via an assignment form Ditech Financial, LLC, dated January 2, 2020, and recorded as Instrument No. 20200103000010210.

10. Bank of America claimed ownership of the deed of trust via an assignment from Mortgage Electronic Registration Systems, Inc., dated September 30, 2011, and recorded as Instrument No. 20111010001083770.

11. Bank of America had assigned the deed of trust to Green Tree Servicing, LLC, the predecessor in interest to Ditech Financial.

12. Bank of America never acquired good title to the deed of trust because it purported to acquire same from an entity that never owned it; to wit: Mortgage Electronic Registration Systems, Inc.

## VII

## CAUSES OF ACTION
### A
### QUIET TITLE

1. Plaintiff refers to and incorporates by this reference each allegation above.

2. Defendant is the record holder of a deed of trust encumbering the property.

3. Plaintiff is informed and believes that Defendant does not own any interest in the deed of trust whatsoever.

4. The interest claimed by Defendant appears to be valid on its face. Nevertheless, it is in fact ineffective and an unjustified cloud on title, which should be removed..

5. In the alternative, in the event that Defendant is able to confirm ownership of deed of trust, Plaintiff prays that the Court Decree that it is entitled to receive from Defendant information sufficient to enable it to discharge such lien.

6. Plaintiff prays that the Court find and decree that Plaintiff owns the property free of the said deed of trust.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to answer and appear herein, and that upon final trial Plaintiff be granted the relief herein prayed for, for costs of court, and for such other and further relief as the Court deems just.

Respectfully submitted,

/s/ *Kenneth S. Harter*
Kenneth S. Harter
State Bar ID: 09155300

Law Offices of Kenneth S. Harter
5080 Spectrum Dr. Suite 1000-E
Addison, Tx. 75001
(972) 752-1928
Fax (214) 206-1491
ken@kenharter.com
Attorneys for Legacy Brokerage.